Luis Izquierdo, Plaintiff and Appellant, *v.* Celestino Andrade, Defendant and Appellee.

No. 4788.    Argued January 30, 1929.—Decided July 16, 1929.

E. *Martínez Rivera* for the appellant. *Adrián Agosto* for the appellee.

Mr. Justice Hutchison delivered the opinion of the court.

The court below sustained a demurrer to the complaint in an action for damages arising out of an automobile accident caused by the negligence of a chauffeur in the employ of defendant, a bailee. Plaintiff declined to amend, and appeals from a judgment of dismissal.

The demurrer was for want of facts sufficient to constitute a cause of action. The only defects mentioned by the district judge are that the owner of the car was not made a defendant nor alleged to have been in the vehicle at the time of the accident; that the defendant was neither the owner of the car nor alleged to have been traveling therein, and that the automobile was not alleged to be a public vehicle.

The owner was not a necessary party, and his presence in the car at the time of the accident was not an essential factor in plaintiff's cause of action. The failure to allege that the defendant was the owner of the car, or present at the time of the event, was not a fatal defect. It is the ownership of an "enterprise" in connection with which a car is used, not the ownership of the car in question, which determines the liability of the defendant for damages caused by the negligence of an employee under section 1804 of the Civil Code, as construed by a majority of this court in *Vélez* v. *Llavina*, 18 P.R.R. 644, and subsequent cases. The liability of a defendant, whether owner or bailee, does not always depend upon the public character of the car. The question may be whether or not it is used for business purposes, or in connection with

a business enterprise. *Truyol & Co.* v. *West India Co.*, 26 P.R.R. 321, *Candal* v. *Sociedad Auxilio Mutuo*, 37 P.R.R. 811.

In the instant case plaintiff alleges that defendant had borrowed the car in question from the owner, and had placed it in charge of defendant's employee, Reyes Ríos Cabán, a licensed chauffeur, for the purpose of transporting defendant's wife and a relative of defendant from San Juan to Arecibo and from Arecibo to San Juan in order that defendant's wife might do certain things for the benefit and advantage of said defendant; that the employee of defendant made the trip as his chauffeur pursuant to his orders and instructions carrying in the car defendant's wife as directed and authorized by defendant; that the wife went to Arecibo to carry out the orders received by her from her husband, the defendant,—orders which duly executed would inure to the benefit and advantage of defendant; that the automobile at the time of the accident was under the direction and control of defendant, who had borrowed it from the owner, and was being driven by defendant's agent, Reyes Ríos Cabán, who had been entrusted by defendant with the transportation of defendant's wife to and from Arecibo, and that defendant's wife was returning from Arecibo after accomplishment of the purpose for which defendant had sent her to Arecibo.

A majority of this court are clearly of opinion that the facts so stated do not indicate that defendant was the owner of "an establishment or enterprise" within the meaning of section 1804 of the Civil Code as construed in *Truyol* v. *West India Co., supra,* and in *Candal* v. *Sociedad Auxilio Mutuo, supra.* The writer adheres to the conclusion reached in his original memorandum, as follows:

"It is a fair inference from the facts outlined in the preceding paragraph that defendant was engaged in business, that he sent his wife and chauffeur on a business errand, and that the car was being used in connection with defendant's business and in the carrying out of a business undertaking or enterprise at the time of the ac-

cident. The word 'enterprise' is an elastic term and should be liberally construed in the interest of substantial justice. If a man sends his agents over the Island about his business with a view to his own benefit and advantage, he is engaged in a business adventure or enterprise and is the *empresario* or owner of that enterprise.''

In so far as the result in the instant case is concerned, this difference of opinion is not very important. The grounds upon which the court below sustained the demurrer are untenable, but, in the view taken by a majority of this court, the ruling itself was correct. In the circumstances we are all agreed that plaintiff should be given an opportunity to amend.

The judgment appealed from will be reversed and the order sustaining the demurrer will be amended so as to permit an amendment of the complaint within ten days after the filing of the mandate in the court below, and as modified affirmed.

### ON MOTION FOR REHEARING
#### July 23, 1929

Appellant moves for a rehearing on the ground that the instant case should be governed by section 60 of the Code of Civil Procedure and not by section 1804 of the Civil Code. There was some argument along this line in the brief and at the hearing, but the question as presented did not seem to demand serious discussion. The only cases relied upon are *Román* v. *Vázquez*, 29 P.R.R. 736, and *Orta* v. *P. R. Railway, L. & P. Co.*, 36 P.R.R. 733. We are not prepared at this time to hold that section 60 of the Code of Civil Procedure establishes a new rule of *respondeat superior*. The opinion in *Orta* v. *P. R. Ry. L. & P. Co.* tends to support the contrary view and is not in conflict with anything that was said in the *Román Case*.

The motion must be denied.